THE STATE *against* JOHN HUTT.

ON QUO WARRANTO.

The office of State Treasurer, as well as those of Secretary of State, Sheriff, Coroner, Constable, and Militia officers, are all Executive.

They belong to the Executive department, for the Constitution assigns them to that division of power, and makes all their duties necessarily of an Executive character.

The office of Justice of the Peace is as much a Judicial office as the office of Supreme Judge.

No person therefore can, at the same time, hold the offices of Treasurer and Justice of the Peace.

A person holding one office has a right, if elected to another which he cannot hold at the same time, to accept it, but in so doing he vacates, *eo instanti*, the first office.

Where a Justice of the Peace, therefore, was elected and commissioned State Treasurer, and accepted the latter office, he wholly vacated and annulled his office of Justice of the Peace.

A *quo warranto* issued against the defendant, *John Hutt*, summoning him to appear and show by what warrant he claimed to exercise the office and franchise of Justice of the Peace, in and for the county of Pulaski. The defendant appeared and pleaded in bar of the writ, "that he was duly elected Justice of the Peace, in and for the county aforesaid, and State of Arkansas, on the 1st day of October, A. D. 1838, for the term of two years, which period of time hath not yet expired, and that he was regularly commissioned by the Governor as Justice of the Peace for said county, on the 8th day of November, 1838, and that before entering upon the discharge of his duties he took the necessary oaths of office prescribed by law." A copy of his commission and his oath of office is set out and made part of his plea, and he further " avers that by this warrant he rightfully exercises the office and franchises of Justice of the Peace of the county aforesaid." To this plea, the attorney for the State replied " that after the election of the defendant to the office of Justice of the Peace as aforesaid, and after issuing to him his commission for the same, and his acceptance of said office, on the 20th day of November, 1838, and while he held and executed the office of Justice of the Peace, as aforesaid, he was duly elected, by the General Assembly, Treasurer of the State of Arkansas for and during the time prescribed by law, and there-

after, to wit: on the 18th day of December, 1838, was regularly commissioned and properly qualified as such Treasurer, and that he then and there accepted said office, and hath continued, and still doth continue, to hold and exercise the rights, privileges, and franchises thereof; wherefore, the State prays judgment upon the writ, and that the defendant be ousted of the office of Justice of the Peace of the county of Pulaski, and of the rights, privileges, and franchises thereof." To this replication the defendant demurred, and the State joined in demurrer.

PIKE, for the State:

Hutt was elected a Justice of the Peace, for Pulaski county, on the 1st day of October, A. D. 1838, and commissioned on the 8th day of November next, following. He was afterward, on the 20th day of November, in the same year, elected Treasurer of the State, and commissioned and qualified immediately thereafter as such Treasurer, and the only question presented to the court is, whether by accepting the office of Treasurer, he vacated the office of Justice of the Peace. If he did, the State must have judgment of ouster upon the writ.

By the Constitution of this State, article 3, it is provided that the powers of the government of the State of Arkansas shall be divided into three distinct departments, each of them to be confided to a separate body of magistracy, to wit: those which are Legislative to one: those which are Executive to another: and those which are Judicial to another: and that "no person, or collection of persons, being of one of those departments, shall exercise any power belonging to either of the others, except in the instances hereinafter expressly directed or permitted."

That the Treasurer of the State is a "person belonging to the Executive Department" is manifest; first, from the fact that the Constitution expressly includes him in that department by section 24 of article 5; and second, from the nature of his duties, which are neither, in any respect, Legislative or Judicial, but purely Executive.

That every Justice of the Peace is "a person belonging to the Judicial department" is, for the same reason, equally manifest. The office is created by the article upon the judicial department, and not

only are the duties of Justice of the Peace, *as* a Justice simply, purely Judicial; but every Justice is *ex officio* a member of the County Court, which is a court of record.

Certainly then, unless the clauses in the Constitution first above quoted are a mere nullity and void of all meaning, no person can at the same time hold and exercise the two distinct offices of Treasurer of the State and of Justice of the Peace; for, if so, he is at the same time an Executive and Judicial officer, and while belonging to one department he exercises powers belonging to another, and it is equally clear, that if he cannot hold both, by accepting one he vacates the other. We shall not occupy the time of the court by arguing a proposition which is self-evident, but with a reference to one or two authorities we shall submit the question.

The Constitution of the State of Maine provides " that no person or persons belonging to one of these departments shall exercise any of the powers properly belonging to either of the others, except in cases herein expressly directed or permitted." The difference between this provision and that in our Constitution is merely verbal.

In 1825 the Senate of the State of Maine presented three questions to the Justices of the Supreme Judicial Court for their decision and determination. They were the following:

*First.* Can any person of right hold and exercise at the same time the several offices of Deputy Sheriff and Justice of the Peace?

*Second.* Can any person of right exercise at the same time the several offices of Sheriff and Justice of the Peace?

*Third.* Can any person of right exercise at the same time the several offices of Coroner and Justice of the Peace?

Upon these questions two of the Justices of the Supreme Court gave their opinion. They expressly declared that the *Governor, Secretary of State,* and *Treasurer,* were respectively a part of the Executive department, and that so also were Sheriffs and Coroners. That the Treasurer was an Executive officer, because he was named in the Constitution, and his election provided for under the article concerning the Executive department, and because he " aids the Governor in causing all the State taxes to be collected, and paid into the Treasury for the public use," and that Sheriffs and Coroners were also beyond

The State *against* Hutt.

all doubt Executive officers. And they further decided that Justices of the Peace were a part of the Judicial department: and that the office of Justice of the Peace was incompatible with that of Sheriff, Deputy Sheriff, or Coroner; and that no person could of right at the same time exercise the office of Justice of the Peace and also the office of Sheriff, Deputy Sheriff, or Coroner. 3 *Greenleaf, App.* 484.

In 1830, the same question was presented to the Supreme Court of Maine, and that court then judicially confirmed the opinion previously given by the Judges, and declared that the offices of Deputy Sheriff and Justice of the Peace were incompatible under the Constitution, and that no man could hold both offices at one and the same time. *Bamford vs. Melvin,* 7 *Greenleaf,* 14.

Lacy, *Judge,* delivered the opinion of the court:

The pleadings in the case present but a single question for our consideration and decision, which is, can the defendant at one and the same time exercise the powers and duties of the office of Justice of the Peace, and of Treasurer of the State? The examination and decision of this question involves the construction of the Constitution of the State, and the relative powers of the different departments of the government as organized and established by that instrument.

The Constitution declares that "the powers of the government of the State of Arkansas shall be divided into three distinct departments, each of them to be confined to a separate body of magistracy, to wit: those which are Legislative to one, those which are Executive to another, and those which are Judicial to another;" and that no "person, or collection of persons, being of one of those departments, shall exercise any power belonging to either of the others, except in the instances hereinafter expressly directed or permitted." See *Art.* 3.

The evident design and intention of these provisions was to separate and divide the sovereign will of the community into three distinct departments of government, and to distribute that will amongst three separate sets of agents or public functionaries, and to assign to each a peculiar sphere of duties, and to make it supreme within the circle of its constitutional action. This wise and invaluable principle

The State *against* Hutt.

lies at the very foundation, and constitutes the ground work of all the American Constitutions, and is their chief excellence and characteristic distinction.    All the great and essential rights of life, liberty, and property, depend for their protection and preservation principally, if not exclusively, upon the separation and division of all the powers of government into three distinct departments, whose functions and duties are required to be exercised and performed by three distinct or separate sets of agents.    The union or concentration of the powers of three separate departments into the same hands, be they few or many, is the essence of tyranny, and constitutes the means by which every species of oppression and injustice can be practised with impunity. The action of each department must necessarily be sovereign and supreme within its constitutional orbit, or it cannot be independent of the other departments, and it is uncontrolable so long as it acts within the circle of its constitutional jurisdiction.    The moment any one department passes beyond its prescribed and ordained authority, its action is placed under the supervision and control of other departments and of the people.    The joint and united action of three departments represent and constitute the sovereign will of the State, as created by and embodied in the Constitution.    Their action is not wholly independent of, or disconnected from, each other, but they are joined and blended together in their united agency for the purpose of protecting and upholding the rights of the citizen and the government, while their constitutional jurisdiction and powers are carefully marked out and widely separated from each other.    It is the duty of the Legislature to make and ordain the laws, of the Courts to expound and interpret them, and of the Executive to see that they are faithfully executed.    These principles may be regarded as political axioms in the theory and science of all just and free governments, and they furnish the standard or criterion by which the different departments are contra-distinguished from each other, their respective duties ascertained and determined.

The Legislative department of our government is vested in the General Assembly, which is made to consist of a Senate and House of Representatives.    See *Art. 4, of the Const.*

This provision of the Constitution certainly excludes in express terms

the office of Justice of the Peace and of Treasurer of the State from that department; for all Legislative power whatever is exclusively given to the Senate and House of Representatives, as a constituent department of the government. No rule of interpretation then can include the offices of Justice of the Peace and of Treasurer of the State, either by express grant, or necessary implication within the Legislative branch or division of power: besides the Constitution itself has assigned them to the other departments. The Constitution creates the office of Governor, and makes him the supreme Executive officer of the State, and the head of that department of power; it makes it his duty to take care that the laws are faithfully executed, and to aid him in the performance of this duty it establishes other Executive officers and assigns them to the Executive department. See *Art.* 5. Among them is the office of Secretary of State, of Treasurer, Auditor, Sheriff, Coroner, Constable, and Militia officers: all these officers strictly belong to the Executive department, for the Constitution assigns them to that division of power, and makes all their duties necessarily of an Executive character. They constitute the agency or means by which the Executive will is carried into effect, and the laws of the land executed and enforced. As the Executive cannot perform personally all the duties of his department, these offices are established by the Constitution to aid and assist him in the discharge of his legal and constitutional obligations.

These principles are unquestionably established as well by the formation and organization of the offices themselves as by the nature and character of the duties prescribed to be performed, and they rest upon the highest weight of authority, and upon the clearest deductions of reason. The Supreme Court of Maine have declared upon a case involving the construction of the Constitution of that State, in regard to the division and separation of the three departments of the government, that " the Governor, Secretary of State, and Treasurer, were respectively a part of the Executive department, and so also were Sheriffs and Coroners; that the Treasurer was an Executive officer, because he was named in the Constitution, and his election provided for under the article concerning the Executive department, and because he aids the Governor in causing all the State taxes to be col-

The State *against* Hutt.

lected and paid into the Treasury for the public use," and they further decided "that Justices of the Peace were a part of the Judicial department, and that the office of Justice of the Peace was incompatible with that of Sheriff, Deputy Sheriff, or Coroner, and that no person could of right at the same time exercise the office of Justice of the Peace, and also the office of Sheriff, Deputy Sheriff, or Coroner." 3 *Greenleaf's App.* 484. See also debates upon the Constitution of the United States. *Federalist.*

It follows, from the principle above laid down and established, that the office of Treasurer of the State is an Executive office, and that all its powers and duties belong strictly to the Executive department.

It only now remains to be seen to what department, under our form of government, the office of Justice of the Peace rightfully belongs. This point is clearly and conclusively settled by the Constitution itself, for it declares that "the Judicial power of this State shall be vested in one Supreme Court, in Circuit Courts, in County Courts, and in Justices of the Peace," and that "the General Assembly may also vest such jurisdiction as may be deemed necessary in Corporation Courts, and when they deem it expedient may establish Courts of Chancery." *Art.* 6, *sec.* 1.

Sections third, ninth, and fifteenth, of the sixth article as above quoted, define and limit the constitutional jurisdiction of Justices of the Peace, and they are all perfectly explicit in showing the office to be exclusively judicial, and that all its duties strictly appertain to that department of power.

The office of Justice of the Peace is as much a judicial office as the office of Supreme Judge, or Circuit Judge, for its power and being are derived from the same source, and stand precisely upon the same constitutional provision or enactment. If the conclusions to which the court have arrived be true, and that they are seems to our minds to be almost a self-evident proposition, then the office of Justice of the Peace belongs exclusively to the Judicial, and that of Treasurer of the State to the Executive department; and this being the case the Constitution forbids, in express terms, any person or collection of persons from exercising the powers and duties of these two offices at one and the same time. See *Art.* 3.

The enquiry next is, as the defendant cannot exercise and hold both offices at one and the same time, which of them is vacated and annulled. Is it the office of Justice of the Peace or Treasurer of the State?

Every citizen has the unquestionable right of filling either of these offices, provided he brings himself within the constitutional requisites or qualifications. To fill either office legally, and constitutionally, it requires the joint action of the electors, and his acceptance of the office. When both these acts concur, then the office is rightfully filled. The commission of the Governor is evidence of the incumbent's right to the office, and of his authority for its exercise. In the selection of an incumbent to fill any office the electors' right to choose is wholly unrestricted except in the manner pointed out by the Constitution or by the laws, and consequently they can elect any individual they please. Their right to vote for him cannot be questioned if he possess the legal and constitutional requisites for the office; and if this be the case, it would render that right nugatory, or of no effect, if the person chosen did not possess the right to accept the office. To give to the electors the authority for selection, and at the same time deprive the incumbent of the power of acceptance would be virtually to annul the right of suffrage itself. This would be giving a right and taking away all the means by which it could be enjoyed, which involves such manifest absurdity and contradiction that it is impossible for it to be true. If the person voted for has an unqualified right of acceptance of the office to which he is elected, the moment he determines his will or election in regard to it and accept the office, that instant of time he of course resigns or vacates any other office he holds incompatible with the one he accepts. This is strictly true in regard to all offices whose duties are inconsistent with each other, and belong to separate departments of the government. The authorities are so clear and conclusive on this point we deem it unnecessary to add any thing more in support of the principle except merely to refer to them. *Johnstone vs. Margetson*, 1 *Henry Blackstone*, 260; *Milward vs. Thatcher*, 2 *T. R.* 81.

The pleadings in this case admit the fact that the present defendant, John Hutt, is in the full possession and enjoyment both of the

office of Justice of the Peace, and of Treasurer of the State.    This being the case, of course he is constitutionally ineligible to hold and exercise both these offices at one and the same time, because they belong to separate and distinct departments of the government.    It therefore necessarily follows that his election to and acceptance of the office of Treasurer of the State wholly vacated and annulled his office of Justice of the Peace of the county of Pulaski.

The application of these principles to the question raised upon the demurrer and the replication, conclusively demonstrate that the former is fatally defective, and the latter fully sufficient to invalidate the warrant that the defendant has shown in his plea for the exercise of the office of Justice of the Peace.