Mr. Justice Walker, delivered the «pinion of the court. This is an application to supersede a judgment rendered by John C.Peay, who it is admitted, was duly elected, commissioned and qualified to act as Justice of the Peace in and for the county of Pulaski; but who, as is alleged, has, since his acceptance of the office of Justice, been appointed a deputy sheriff of the county aforesaid and has accepted that office also, and entered upon the duties thereof. The defendant voluntarily enters his appearance and contends, 1st. That the offices of Justice of the Peace and deputy sheriff are not incompatible under the inconstitution, 2d. That if incompatible the acts of the Justice are nevertheless valid until the office is declared void, 3d. That the defendant has not by plea or otherwise presented the question to this court in such a manner as to enable it to determine whether the Justice has vacated his office or riot. In regard to the first point, this court has already decided in the case of The State vs. Hutt, 2 Ark. Rep. 282, that the office of Justice of the Peace is a judicial office and that the office of sheriff is an executive office, and that they are incompatible with each other and cannot be held by the same person, being prohibited by the first section of the 3d Article of the Constitution, which ordains that the powers of the State government shall be divided into three distinct departments, each of them to be confided to a separate body of Magistracy, the Legislative, Executive and the Judicial. The second section ordains that no person or collection of persons, being of one of these departments shall exercise any power belonging to either of the others, unless in certain enumerated cases. The decision in the case of The State vs. Hutt we think well sustained upon principle and authority and fully settles the principle involved in this case. A distinction is attempted to be drawn between the office of sheriff and deputy sheriff which we think untenable. It is true that the deputy derives his authority to act by the appointment of the principal with the approval of the court, and that the principal is responsible for the faithful discharge of the duties of the office. But then the power which is conferred upon the deputy is co-extensive with that of sheriff, and it is the exercise of that power which is prohibited by the constitution. The framers of the constitution evidently intended to keep these departments in the hands of a “distinct body of magistracy,” so that there might be no temptation or inducement to depart from a faithful, impartial and honest discharge of the duties confided to each. The duties and powers of the sheriff and nis deputy are the same, and the inducements and temptations are alike held out to either to depart from an impartial and faithful discharge of official duty. The two offices of justice and. sheriff are intimately connected, touching subjects of general and vital importance. The county courts are composed of Justices; that court levies the tax, the sheriff collects it: that court makes settlement with the sheriff for the revenue collected, and passes to his credit various claims and allowances. It orders and directs process, the sheriff'executes them, and in all these his influence may be exercised directly or indirectly so as to gratify his feelings or advance his interests. Private arrangements may, and do most frequently exist between the sheriff and his deputy, which make the compensation of the deputy depend on the amount of business transacted which as totally unfits him to act in both offices as if he were the sheriff. This question was brought directly before the Supreme Court of Maine and it was there expressly decided that the office of Justice of the Peace is incompatible with that of deputy sheriff or coroner. 2 Greenl. 484. Barnford vs. Melvin 7 Greenl. 14. We are therefore of opinion that the offices are incompatible, and that the acceptance of the second vacated the first. The next question is how is this fact to be ascertained. The acceptance of the office of deputy sheriff is not a matter of which this court can take judicial notice. The facts therefore must either be brought before some competent tribunal and a forfeiture declared, or it must be made by some legal means to appear that such forfeiture has taken place. Upon examination of the record before us we find a motion objecting to the jurisdiction of the justice for this cause. But then this is a mere motion without proof to sustain it, and for what we know the facts do not exist. The record presents no defect or irregularity, nor are there any facts from which we may infer that the justice has forfeited his office. The mere motion to that effect is not sufficient; this might be interposed in every case: the proof of the facts set forth in his motion are not to be found in this record, nor are they such as this court can take judicial notice of. The motion is denied.