Lowell FARNSWORTH *v.* WHITE COUNTY and
Township of Cypert, et al.

CA 92-59                                    839 S.W.2d 229

Court of Appeals of Arkansas
Division I
Opinion delivered October 14, 1992
[Rehearing denied December 2, 1992.]

*Anthony W. Bartels*, for appellant.

*Richard S. Smith*, for appellee Township of Cypert.

*Matthews, Sanders, Liles, & Sayes*, by: *Marci Talbot Liles*,
for appellee White County.

JUDITH ROGERS, Judge. This is an appeal from the Workers'
Compensation Commission's order affirming and adopting the
administrative law judge's decision finding that Lowell Farns-
worth was not an employee of either of the appellees within the
meaning of the Workers' Compensation Law. On appeal, appel-
lant contends that the full Commission erred in affirming the
administrative law judge's decision that the appellant was not an

employee of either appellee within the meaning of the Arkansas Workers' Compensation Law. Because we agree with appellant's argument that he is a county official and thus entitled to workers' compensation, we reverse and remand.

Appellant was duly elected as constable for Cypert Township, White County, Arkansas. While acting as constable on September 13, 1986, appellant approached someone riding a three wheeler (ATV) on a county road to inform the individual that this was an unlawful act. The individual and appellant argued and a struggle ensued when appellant tried to arrest the individual. During the altercation, appellant sustained a gunshot wound to his abdomen. From this injury arose a workers' compensation claim. Appellant argues that he is entitled to workers' compensation under Ark. Code Ann. § 14-26-101 (1987) which requires all counties "to provide workers' compensation coverage for their officials, employees, and municipal volunteer fire fighters."

The Commission found that appellant did not fall within any of the three categories for whom the county is required to furnish workers' compensation.[1] It was also noted that the definition of "employee" cited by appellant in Ark. Code Ann. § 14-14-1202 and § 14-14-1206 did not relate to coverage for workers' compensation purposes but rather involved personnel matters. We agree with the Commission that appellant was not an employee of the county as that term has been defined in Ark. Code Ann. § 14-14-1206 (19878) due to the fact he was not receiving a salary. However, we disagree in regard to the finding that appellant was not an "official" of the county.

Title 14 of Arkansas Code Annotated is entitled "Local Government". Subtitle 2 under title 14 is entitled "County Government". This subtitle is divided into chapters 13 through 26. The provisions regarding workers' compensation are found in chapter 26, which provides workers' compensation coverage for all county "*officials*, employees and municipal volunteer fire

---

[1] The Commission also found that appellant was not entitled to temporary total disability benefits due to the fact he was not receiving any wages upon which an award could be based. This finding has not been challenged in this appeal; therefore, we express no opinion on the validity of this finding.

fighters." Ark. Code Ann. § 14-26-101 (1987)(emphasis supplied). The term "officials" is not defined in this specific chapter; however, chapter 14, subchapter 13 is named "Officers Generally". Pertinent to this case is Ark. Code Ann. § 14-14-1301(b) which is entitled, "County, quorum court district, and township officers", and states:

> (b) There shall be elected in each township, as preserved and continued in § 14-14-401, one (1) constable who shall have the qualifications and perform such duties as may be provided by law.

Also, this section includes other elected officials such as county judges, county clerks and sheriffs.

The first step in interpreting a statute is to construe it just as it reads by giving words their ordinary and usually accepted meaning. *City of Fort Smith* v. *Tate*, 38 Ark. App. 172, 832 S.W.2d 262 (1992). When interpreting an act, it is permissible to examine its title; parts of statutes relating to the same subject matter must be read in the light of each other. *Reeder* v. *Rheem Mfg. Co.*, 38 Ark. App. 248, 832 S.W.2d 505 (1992). The workers' compensation chapter is within the same subtitle, county government, as the chapter referring to "officers generally". Constables are included within this designation. The election of officers, and the term of years a constable shall hold office are set out in Ark. Code Ann. § 14-14-1302 (1987). All of these statutes involve the same subject matter. Based on the plain meaning of the words, the titles of the sections and the subject matter involved we find that appellant, as a constable, is an official of the county and thus covered by workers' compensation. We therefore reverse and remand for an award of benefits not inconsistent with this opinion.

Appellant has advanced other points in support of his argument; however, based on this finding we need not address them.

Reversed and Remanded.

CRACRAFT, C.J., and COOPER, J., agree.