The Honorable Nick Wilson State Senator P.O. Box 525 Pocahontas, AR 72455
Dear Senator Wilson:
This is in response to your request for an opinion on several questions regarding constables. You have asked three questions which I will restate and answer in the order posed.
Your first question inquires whether constables have county-wide jurisdiction. Presumably this question encompasses law enforcement related activities. The law enforcement related duties of constables are set out generally at A.C.A. §§ 16-19-301
and 16-19-503 (1987). They include being a conservator of the peace, arresting certain offenders, and serving process. Seealso, Credit v. State, 25 Ark. App. 309, 758 S.W.2d 10
(1988). We recently issued an opinion discussing these duties.See Op. Att'y Gen. 91-039 (copy enclosed).
The authority of constables to make arrests is based upon A.C.A. § 16-19-301 (1987), which authorizes them to suppress riots, affrays, fights, and unlawful assemblies, and to make arrests for such breaches of the peace. Section 16-19-301(b) also provides:
 If any offense cognizable before a justice of the peace in his township is committed in his presence, the constable shall immediately arrest the offender and cause him to be dealt with according to law.
The authority of a constable to arrest is not statewide. Rather, with the exception of "fresh pursuit," A.C.A. § 16-19-301(d), a constable is to be a conservator of the peace and arrest offenders for offenses committed "in his township." See Op. Att'y Gen. 91-039. It is therefore my opinion that, with a limited number of exceptions, constables are limited in their duties and authority to their respective townships and do not have county-wide jurisdiction.[1]
Your second question inquires whether a county is obligated to provide liability insurance for constables that is equivalent in coverage to that carried on other elected county officials. We can find no such requirement. Counties and officers and employees are immune from liability in most instances when they act in their official capacity. See A.C.A. § 21-9-301, 65th Center,Inc. v. Copeland, 308 Ark. 456, 467, 825 S.W.2d 574, 580 (1992);Battle v. Harris, 298 Ark. 241, 245, 766 S.W.2d 431, 433
(1989); Autry v. Lawrence, 286 Ark. 501, 696 S.W.2d 315 (1985). Whether or not it would be in the best interest of the county to acquire such liability insurance is a decision to be made by each county based upon advice of their respective counsel.
Your third question inquires whether constables are covered by Arkansas' Workers' Compensation laws. It is my opinion that they are covered based on a recent opinion rendered by the Arkansas Court of Appeals. In Farnsworth v. White County,39 Ark. App. 98, 839 S.W.2d 229 (1992), the Court ruled that constables, as defined by A.C.A. §§ 14-14-1301 and 14-26-101 (1987), are county "officials" and covered by workers' compensation.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General T. Jeff Vining.
Sincerely,
WINSTON BRYANT Attorney General
WB:TJV/cyh
Enclosure
[1] A.C.A. §§ 16-19-403 and -405 authorize constables to serve summons and other process in the several townships where multiple defendants may reside if the defendants are jointly liable to a suit; A.C.A. § 16-83-106 authorizes constables to arrest individuals who are accused in a coroner's inquisition of having caused the death of the deceased who is the subject of the inquisition. We recently issued an opinion discussing law enforcement related duties of constables. See Op. Att'y Gen.91-394 (copy enclosed).