The Honorable Allen Gordon State Senator P.O. Box 558 Morrilton, Arkansas 72110
Dear Senator Gordon:
This is in response to your request for an opinion regarding the fines which are collected for violations of A.C.A. §§ 27-22-101
to 104 (Cum. Supp. 1993), the statutes requiring motorists to have motor vehicle liability insurance. Specifically, you reference A.C.A. § 27-22-103(c)(2) (Cum. Supp. 1993), which provides the following:
 If the arresting officer was a county law enforcement officer, the fine shall be deposited in that county fund used for the purchase and maintenance of rescue, emergency medical, and law enforcement vehicles to be used for those purposes. [Emphasis added.]
The statutes codified at A.C.A. §§ 27-22-103(c)(1) (3) are essentially identical to A.C.A. § 27-22-103(c)(2), as set forth above, except that they pertain to arresting officers who are state police officers and municipal law enforcement officers, respectively.
With regard to A.C.A. § 27-22-103(c)(2), you pose the following four questions:
 1. For the purpose of A.C.A. § 27-22-103(c)(2) (Cum. Supp. 1993), is a constable a county or township law enforcement officer?
 2. If a constable is a county law enforcement officer, would he have access to these funds?
 3. If a constable is a township officer, would these funds be deposited to his account to be used only for the purposes stated?
 4. Is a constable considered an executive officer of the county in which he was elected? If in the affirmative, please define the position.
In response to your first question, it is my opinion that constables are county law enforcement officers for purposes of A.C.A. § 27-22-103(c)(2). While constables historically have been considered township officers, it has recently been stated that constables are county officials for purposes of workers' compensation. Farnsworth v. White County, 39 Ark. App. 98,839 S.W.2d 229 (1992), aff'd 312 Ark. 574, 851 S.W. 2d 451 (1993). While your question does not involve workers' compensation, it is my opinion that a court might categorize a constable as a county officer for purposes of A.C.A. § 27-22-103(c)(2) in light of theFarnsworth decisions and in light of the fact that if a constable is not so classified, the fines which he would collect for violations of the motor vehicle liability insurance provisions would not fall within any of the categories to which such monies are to be deposited under A.C.A. § 27-22-103(c).
In response to your second question, I cannot offer a conclusive response since I am not familiar with the particular fund in question. It seems clear, however, that constables would not be able to receive these funds as compensation for making arrests pursuant to A.C.A. § 27-22-103(c)(2), as A.C.A. § 16-17-114(b) (1987) prohibits constables and deputy constables from receiving any fees, costs, penalties, payments or compensation of any kind or nature in any criminal suit, prosecution, or arrest, or in any criminal proceeding whatsoever. As far as constables accessing the county fund referred to in A.C.A. § 27-22-103(c)(2) in order to purchase law enforcement vehicles, constables, presumably, could seek access to these funds in the same manner as other county law enforcement officers. However, I find no statute which directly addresses this point.
Due to my response to your first question, in which I opined that a constable is a county officer for purposes of A.C.A. §27-22-103(c)(2), your third question is rendered moot.
In response to your fourth question, it is my opinion that constables are not county executive officers. The statute codified at A.C.A. § 14-14-502(a)(2)(A) (1987) provides that the executive department of county government consists of a county judge, a sheriff, an assessor, a coroner, a treasurer, a surveyor, and a clerk of the circuit court. See also Ark. Const. art. 7, § 46. No mention is made therein of constables, and thus, it appears that they are not considered county executive officers.[1] With regard to that part of your fourth question which asks for a definition of the position of constable, I assume that you are inquiring about the duties of constables. The law enforcement related duties of constables are set out generally at A.C.A. §§ 16-19-301 and 16-19-503 (1987). They include being a conservator of the peace, arresting certain offenders, and serving process. See also Credit v. State,25 Ark. App. 309, 758 S.W.2d 10 (1988). This office also has previously addressed the duties of constables in Op. Att'y Gen. Nos. 93-040, 91-394, and 91-039, copies of which are enclosed.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Nancy A. Hall.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh
Enclosures
[1] It should be noted, however, that in State v. Hutt,2 Ark. 282 (1840), constables were characterized as executive officers. While the opinion is unclear, it appears that the court considered constables executive officers of the state, rather than the county. In any event, that case was not decided under the 1874 Arkansas Constitution, the one currently in effect, and it is my opinion that the case is not dispositive on the issues presented in your questions.