The Honorable Sarah S. Agee State Representative 11898 Sage Road Prairie Grove, AR 72753-9168
Dear Representative Agee:
I am writing in response to your request for an opinion on the following questions involving election officials:
 Are election/poll workers to be considered employees or independent contractors? What sort of liability does the County face if they are paid as an independent contractor (FICA, Workers Compensation, etc.)? If they should in fact be paid as employees, we realize that payment, if over a certain amount, will have to be reported on a W-2 or 1099.
RESPONSE
I am unable to provide an opinion in response to your general question because this will likely depend upon the particular context in which their status is at issue. With regard to that part of your question involving withholding of FICA and federal taxes, these matters are governed by federal law and do not require an interpretation of state law. Questions that focus solely on federal law provisions do not fall within the ordinary scope of an Attorney General opinion. See Op. Att'y Gen. 2000-105. These questions should be presented to the appropriate federal agency, perhaps with the assistance of the county's regular legal counsel.
With regard to workers' compensation coverage, I believe it may be forcefully contended that poll workers are "officials" for whom the county must provide coverage in accordance with A.C.A. § 14-26-101(a) (Repl. 1998), which provides that "[a]ll counties shall be required to provide workers' compensation coverage for their officials, employees, and municipal volunteer fire fighters." A poll worker is an "election official" or "election officer" under the Election Code. See A.C.A. §7-1-101(9) (Repl. 2000). These officials are appointed by the county board of election officials preceding an election and are designated to be election clerks, election judges, or election sheriffs. A.C.A. §§7-1-101(9) and 7-4-107(a) (Supp. 2001). They take an oath of office. A.C.A. § 7-4-110 (Repl. 2000). Their qualifications and duties are established by law. A.C.A. §§ 7-4-109 (Supp. 2001) and 7-5-301 et seq.
(Repl. 2000 Supp. 2001). They receive a per diem and mileage, to be set by the quorum court pursuant to state law. A.C.A. §§ 7-4-107 and -112; see also Union County v. Union Co. Election Comm'n, 274 Ark. 286,623 S.W.2d 827 (1981). And clearly, they exercise some part of the state's sovereign power. According to well-established precedent, these factors signify the creation of a public office. See generally Martindalev. Honey, 259 Ark. 416, 533 S.W.2d 198 (1976); Haynes v. Riales,226 Ark. 370, 290 S.W.2d 7 (1956); and Maddox v. State, 220 Ark. 762,249 S.W.2d 972 (1952). Their status as county officials reasonably follows, in my view, primarily from the fact that they are appointed by the county election commissioners whom the General Assembly has specifically designated as "county officials." A.C.A. § 7-4-115 (Repl. 2000).
While it is therefore my opinion that a good argument exists in favor of the county's obligation to provide workers' compensation coverage for poll workers under the theory that they are county officials and thus covered by A.C.A. § 14-26-101, supra, my reluctance to opine conclusively in this regard stems from the only apposite case, Farnsworth v. WhiteCounty, 39 Ark. App. 98, 839 S.W.2d 229 (1992), aff'd. Farnsworth v.White County, 312 Ark. 574, 851 S.W.2d 451 (1993). In Farnsworth, the court determined that a constable is an official of the county and thus covered by workers' compensation in accordance with § 14-26-101.39 Ark. App. at 100. The court reached this conclusion by reading §14-26-101 together with A.C.A. §§ 14-14-1301
and -1302 concerning "officers generally," noting that these statutes are part of the same subtitle of the County Code and "involve the same subject matter." Id. Because constables are included within the designation of "officers generally" in the County Code, according to the court's reasoning, they are officials of the county and thus covered by the workers' compensation provision. Id.
Applying the Farnsworth analysis, which appears to focus on the designation of county officials under the County Code, one might conclude that poll workers are not included within the county workers' compensation requirement extending to "officials." A.C.A. §14-26-101(a). However, workers' compensation laws are generally construed liberally in favor of coverage. See generally Deffenbaugh Industries v.Angus, 39 Ark. App. 24, 832 S.W.2d 869 (1992). If the court were persuaded to approach the term "officials" from a more general standpoint, I believe coverage would result following the above analysis regarding creation of a public office.
It should be noted, finally, that a determination would presumably still be required regarding "employment" under workers' compensation laws even if the court is not persuaded that poll workers are county officials.See A.C.A. § 11-9-102(11) (Supp. 2001) (defining "employment"). The answer to this question will not, in my opinion, be determined simply by whether the county pays the poll workers as "independent contractors." Rather, their status as employees or independent contractors under workers' compensation laws will require a factual determination, with the Workers' Compensation Commission ("Commission") deciding the relative weight to be given the various factors it may consider in the process.See generally Franklin v. Arkansas Kraft, Inc., 12 Ark. App. 66,670 S.W.2d 815 (1984). I cannot predict with any certainty the outcome of such a review. This will be decided based upon the particular facts that are presented to the Commission. Because this office is not equipped, nor is it authorized, to act as a finder of fact, I cannot engage in the necessary factual analysis.
While I am thus unable to conclusively answer your questions, I hope that the foregoing sufficiently outlines the relevant issues for your consideration.
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:EAW/cyh