The Honorable Randy Laverty State Senator P.O. Box 303 Jasper, AR 72641
Dear Senator Laverty:
You have presented the following questions for my opinion:
 (1) In light of A.C.A. § 14-14-1203(d), when would a decrease in compensation for justices of the peace that was enacted at the Boone County Quorum Court's January meeting become effective?
 (2) Would the Arkansas Supreme Court's analysis in Farnsworth v. White County, 39 Ark. App. 98, 839 S.W.2d 229 (1992), aff'd, Farnsworth v. White County, 312 Ark. 574, 851 S.W.2d 451 (1993) be applicable to justices of the peace?
You indicate that at the regular January, 2003 meeting, the Boone County Quorum Court adopted an ordinance to immediately decrease the per diem compensation of justices of the peace from $300 to $250 for each regular meeting.
Response
Question 1 — In light of A.C.A. § 14-14-1203(d), when would a decrease incompensation for justices of the peace that was enacted at the BooneCounty Quorum Court's January meeting become effective?
It is my opinion that the decrease enacted at the January meeting is not affected by the provisions of A.C.A. § 14-14-1203(d), and the effective date of the decrease depends upon whether the ordinance was duly enacted as an emergency ordinance.
The issue that is at the heart of this question is whether justices of the peace should be deemed "county officers," within the meaning of A.C.A. § 14-14-1203(d). That statute states:
 (d) DECREASES IN SALARY. Any decrease in the annual salary or compensation of a county officer shall not become effective until January 1 following a general election held after such decrease shall have been fixed by the quorum court of the county.
A.C.A. § 14-14-1203(d).
Amendment 55 to the Arkansas Constitution similarly states:
 Compensation of each county officer shall be fixed by the Quorum Court within a minimum and maximum to be determined by law. Compensation may not be decreased during a current term; provided, however, during the interim, from the date of adoption of this Amendment until the first day of the next succeeding month following the date of approval of salaries by the Quorum Court, salaries of county officials shall be determined by law. Fees of the office shall not be the basis of compensation for officers or employees of county offices. Per diem compensation for members of the Quorum Court shall be fixed by law.
Ark. Const., Am. 55, § 5.
The term "county officer," as used in A.C.A. § 14-14-1203(d) and in Amendment 55, § 5, is not defined. However, several distinctions in the usage of the term, both in Amendment 55 and in Act 742 of 1977 (the enabling legislation for Amendment 55, codified at A.C.A. § 14-14-101 etseq., including § 1203(d)), indicate that the term "county officer" should not be interpreted to include justices of the peace in certain contexts.
I begin by pointing out that Amendment 55, § 5, quoted above, addresses the initial setting of the compensation of "county officers" separately from the initial setting of the compensation of quorum court members. The former is addressed in the first sentence; the latter is addressed in the last sentence. The first sentence, concerning the compensation of "county officers" provides that county officers' compensation is to be "fixed by the Quorum Court within a minimum and maximum to be determined by law." That is, the General Assembly is to establish a range within which county officers' compensation must fall (see A.C.A. § 14-14-1204), and the quorum court will set the county officers' compensation within that range. I find it notable that the provision stating the prohibition of decreases in compensation follows directly after the sentence concerning the compensation of "county officers," and precedes any mention of the compensation of quorum court members. The term "compensation," therefore, appears to refer to the word "compensation," as just used in the previous sentence (concerning "county officers"). Accord, Op. Att'y Gen. No. 98-067.
I also note that Amendment 55 provides that the per diem compensation of quorum court members is to be established in a different manner than the compensation of county officers. Quorum court members' per diem compensation is to be "fixed by law" (i.e., established by the General Assembly).[1]
Amendment 55's differentiated, separate treatment of and reference to county officers and quorum court members appears to indicate that the drafters of Amendment 55 viewed quorum court members separately from "county officers."
Act 742 of 1977, the enabling legislation for Amendment 55, also reflects a differentiation between county officers and quorum court members for purposes of some of its provisions. The Act consistently distinguishes between "county officers," "district officers," "township officers," and "employees." For example, in A.C.A. § 14-14-604(2), justices of the peace are designated as "district officers," as opposed to "county elective officers" for purposes of that subchapter. In A.C.A. § 14-14-1205, justices of the peace are designated as "township officers" (for purposes of the compensation ranges set out in that statute), as opposed to "elected county officers" and "county employees," whose compensation is set out in A.C.A. § 14-14-1204 and A.C.A. § 14-14-1206, respectively. Similarly, A.C.A. § 14-14-1301(a) lists the various "county officers," whereas the district and township officers (including justices of the peace) are listed separately in A.C.A. § 14-14-1301(b). Term lengths for "county officers" are addressed in A.C.A. § 14-14-1302(a), whereas term lengths for "quorum court district and township officers" are addressed separately in A.C.A. § 14-14-1302(b). The filling of vacancies in "county elective offices" is addressed in A.C.A. § 14-14-1310, whereas the filling of vacancies in "elective township offices, including justice of the peace offices" are addressed in A.C.A. § 14-14-1310(b). In a similar manner, the provisions concerning bond, oath, commission, residency, office location, vacancies, removal, and remuneration all refer separately to county officers, quorum court district officers, and township officers. Finally, the chapter of the Code on "Officers" (A.C.A. § 14-14-1501 et seq., setting forth the duties and responsibilities of the various county officers) does not include a provision on justices of the peace.
Because the General Assembly has so consistently and meticulously differentiated between county officers, district and township officers, and county employees throughout the statutes that apply to county government, I interpret the reference in A.C.A. § 14-14-1203(d) only to "county officers" to reflect an intent not to refer to district or township officers, such as justices of the peace. Indeed, I find significant the fact that all but one of the other sub-sections of A.C.A. § 14-14-1203 refer explicitly to all types of county personnel: "county or township officer[s], or employee[s] thereof." The fact that the General Assembly was careful to use all-inclusive references throughout this statute indicates that in the one section where it did not (i.e., sub-section (d)), the limitation to county officers only was intentional. I therefore interpret the reference in Sub-section (d) only to county officers to be an intentional exclusion of district and township officers. For this reason, I conclude that the prohibition of that sub-section does not apply to justices of the peace. That is, it is my opinion that the compensation of justices of the peace can be decreased during the current term.
Accordingly, the effective date of the ordinance adopted at the January, 2003 meeting of the Boone County Quorum Court depends upon whether it was duly enacted as an emergency ordinance. If it was enacted as an emergency ordinance, in accordance with the requirements of law (including the voting and publication requirements, see A.C.A. § 14-14-908(a) through (e)), it went into effect immediately upon passage and approval by the county judge. A.C.A. § 14-14-908(f). If the ordinance was not enacted as an emergency ordinance (of if it failed to meet the requirements for an emergency ordinance), it went into effect thirty days after publication. A.C.A. § 14-14-905(e).[2]
Would the Arkansas Supreme Court's analysis in Farnsworth v. WhiteCounty, 39 Ark. App. 98, 839 S.W.2d 229 (1992), aff'd Farnsworth v. WhiteCounty, 312 Ark. 574, 851 S.W.2d 451 (1993), be applicable to justices ofthe peace?
I interpret this question to be related to the issue that was raised by Question 1. That is, I interpret your question to be whether the reasoning of the Arkansas Supreme Court and the Arkansas Court of Appeals in the above-cited Farnsworth cases could be utilized to interpret A.C.A. § 14-14-1203(d) to apply to justices of the peace. It is my opinion that the Farnsworth cases should not be interpreted in this manner.
As an initial matter, I note that I do believe that the reasoning of the courts in the Farnsworth cases could be used to apply to the question of whether justices of the peace should be deemed to be county "officials" for purposes of some contexts.[3] However, it is my opinion that the reasoning utilized by the courts in those cases is not an appropriate approach to interpreting the term "county officer" as used in the context of A.C.A. § 14-14-1203(d).
In Farnsworth, supra, the court was dealing with the issue of whether a constable should be deemed a county "official" within the meaning of A.C.A. § 14-26-101, which requires counties to provide workers' compensation coverage for their "officials, employees, and municipal volunteer fire fighters." Id. The term "officials" was not defined, and there were few clues of usage as to its precise intended meaning. The court resorted to rules of statutory construction and concluded that because the workers' compensation provision was located within the same subtitle of the code that designated the various county officers, including constables, its use of the term "official" should be interpreted to encompass constables.
In my opinion, that reasoning is not appropriately applied to the language of A.C.A. § 14-14-1203(d), because, as explained in response to Question 1, there are ample usage indicators from which the intended meaning of the term "county officers," as used in A.C.A. §14-14-1203(d), can be ascertained.
Accordingly, I conclude that the Farnsworth cases do not support a conclusion that justices of the peace should be deemed to be "county officers," within the meaning of A.C.A. § 14-14-1203(d). As explained in response to Question 1, the many instances of usage of the term "county officers" in which justices of the peace are explicitly distinguished from "county officers" indicate that justices of the peace are not "county officers" within the meaning of A.C.A. § 14-14-1203(d), and their compensation therefore can be decreased during a current term.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
[1] As it turned out, the General Assembly chose to establish a range of per diem compensation for quorum court members and to delegate the specification of an amount within that range to the quorum court. See
A.C.A. § 14-14-1205.
[2] I note that the failure of an emergency clause does not result in the total invalidity of an ordinance. See Massongill v. County of Scott,329 Ark. 98, 947 S.W.2d 749 (1997).
[3] For example, the Farnsworth courts' reasoning, in my opinion, supports a conclusion that justices of the peace should be deemed to be county "officials" within the meaning of A.C.A. § 14-26-101, and thus entitled to workers' compensation coverage by the county.