Don PHILLIPS *v.* CITY OF EUREKA SPRINGS, Arkansas, et al.

92-557                                                     847 S.W.2d 21

Supreme Court of Arkansas
Opinion delivered February 15, 1993

*Russell C. Atchley*, for appellant.

*Jay C. Miner*, for appellee.

JACK HOLT, JR., Chief Justice. At issue is the proper procedure under the Arkansas Code for publication of municipal ordinances.

This dispute arose from the following scenario: the appellant, Don Phillips, owned two adjacent houses in Eureka Springs,

Arkansas. One house was used as a bed and breakfast; the other as a tourist accommodation establishment. They were located in R-1 Victorian Residential and R-2 Contemporary Residential zones.

Mr. Phillips and other property owners petitioned the City Planning and Zoning Commission to rezone these areas from R-1 and R-2 to C-3 Quiet Commercial Use Zone by the enactment of Ordinance No. 1380. Although the Commission did not recommend rezoning, the City Council voted 4 to 2 in favor of Ordinance No. 1380.

Rezoning Ordinance No. 1380 was again addressed by the City Council approximately one month later. At that meeting Carolyn Green, an affected property owner, spoke on behalf of the opponents of the rezoning ordinance. The ordinance was again put to a vote, and the council voted 4 to 2 in favor. A motion was made to suspend the rules so that the ordinance could be read a third time; another vote resulted in a 3 to 3 tie, with the Mayor casting his deciding vote in favor of the ordinance.

Following the meeting, the Mayor, City Attorney and Aldermen discussed the possibility that a three fourths vote might be needed to pass the ordinance because the petition in opposition to rezoning was supported by owners of twenty percent of the affected property. As a result of that discussion, Ordinance No. 1389 was drafted, repealing Ordinance No. 1380, and the City Clerk and the newspaper were told to withhold publishing Ordinance No. 1380.

The appellant, Don Phillips, noting that the newspaper had not published Ordinance No. 1380, decided to cause the notice of the ordinance to be published. The paper at first refused to publish the ordinance because of the city's earlier directions, but ultimately published the ordinance anyway. Mr. Phillips paid the cost of publication.

Mr. Phillips next tried to get a business license for an art studio on his property. The Mayor's office refused because the property was still zoned residential.

Six months later, Mr. Phillips sold the property and then filed suit in Carroll County Chancery Court against the City of Eureka Springs, the Mayor and the City Aldermen. He asked for

a declaratory judgment declaring Ordinance No. 1380 valid and Ordinance No. 1389 to be declared an invalid attempt to rezone property without following proper procedures.

After taking testimony and exhibits on this matter, the chancery court declared that Ordinance No. 1380 was invalid. The chancery court's order stated:

> 2. That Plaintiffs' cause of action is predicated on whether Ordinance No. 1380 was validly published in the Eureka Springs Times Echo on March 8, 1990.
>
> 3. That after passage of Ordinance No. 1380 by a four to three vote, the officials of the City of Eureka Springs had reason to believe its passage required a three/fourths vote rather than a simple majority vote.
>
> 4. That Ordinance No. 1380 had been submitted to the Eureka Springs Times Echo for publication according to law and would become effective 30 days after publication; and that the City Clerk of Eureka Springs, the individual responsible to see that ordinances passed by the City Council are published, contacted the newspaper to keep the same from being published until the matter of its passage could be addressed by the City Council and from her testimony, she thought she had been successful and was successful for a few weeks.
>
> 5. That Plaintiff Don Phillips was aware of the City's concern regarding the passage of Ordinance No. 1380 and of its efforts to delay publication until the matter could be resolved.
>
> 6. That although Plaintiffs could have taken actions which would have caused the City to publish the ordinance, Plaintiff Phillips, on his own initiative and without the consent of the City, caused the ordinance to be published in the newspaper.
>
> 7. That because of Plaintiff Phillips' unilateral actions in causing Ordinance No. 1380 to be published, the Plaintiffs' claims is [sic] ineffective just as if the same had never been published.
>
> 8. That inasmuch as Ordinance No. 1380 was not validly

published, it was never in effect.

WHEREFORE, IT IS BY THE COURT ORDERED AND DECREED, that Plaintiffs' cause of action is hereby dismissed.

It is from these findings that Mr. Phillips appeals.

Relying on Ark. Code Ann. § 14-55-206(a)(1)(A) (1987), Mr. Phillips contends that *anyone* may cause an ordinance to be published. This statute states:

> All bylaws or ordinances of a general or permanent nature and all those imposing any fine, penalty, or forfeiture shall be published in some newspaper of general circulation in the corporation.

Mr. Phillips asserts that because this statute does not specify who may publish the ordinance, then anyone can effectively do so. This is not true.

Statutes must be construed together and given their plain meaning. Accordingly, this statute read in conjunction with Ark. Code Ann. § 14-55-101 (1987), clearly gives only the municipality the power to publish ordinances:

> *14-55-101 Authority to enact.*
>
> *Municipal corporations shall have the power to make and publish from time to time bylaws or ordinances,* not inconsistent with the laws of the state for carrying into effect or discharging the powers or duties conferred by the provisions of this subtitle.

(Emphasis added.)

Therefore, Mr. Phillips' efforts to publish Ordinance No. 1380 were ineffective, and the ordinance was never properly published. Since we hold that Ordinance No. 1380 was invalid for lack of publication, we need not address Mr. Phillips' arguments concerning Ordinance No. 1389, the ordinance that ostensibly repealed No. 1380.

Affirmed.