Lowell FARNSWORTH *v.* WHITE COUNTY and Township of Cypert, et al.

92-1237 851 S.W.2d 451

Supreme Court of Arkansas
Opinion delivered April 19, 1993

*Anthony W. Bartels*, for appellant.

*Matthews, Sanders, Liles & Sayes*, by: *Marci Talbot Liles*, for appellees.

DONALD L. CORBIN, Justice. The Arkansas Court of Appeals reversed the Workers' Compensation Commission's affirmance of the administrative law judge's ruling that appellant was not entitled to recover workers' compensation benefits. *Farnsworth* v. *White County*, 39 Ark. App. 98, 839 S.W.2d 229 (1992). We agree with the finding of the Court of Appeals that appellant, as a duly elected constable for Cypert Township, White County, Arkansas, is a county official and thus is entitled to workers' compensation benefits. Therefore, we affirm the decision of the Court of Appeals.

Since we find it hard to improve on the Court of Appeals' decision, we substantially adopt it herein. Appellant was acting as constable on September 13, 1986, when he approached someone riding a three wheeler (ATV) on a county road to inform the individual that this was an unlawful act. The individual and appellant argued and a struggle ensued when appellant tried to arrest the individual. During the struggle, appellant sustained a gunshot wound to his abdomen. From this injury arose a workers' compensation claim. Appellant argues he is entitled to workers' compensation under Ark. Code Ann. § 14-26-101 (1987) which requires all counties "to provide workers' compensation coverage for their officials, employees, and municipal volunteer fire fighters." Appellees contend appellant does not qualify as a county official, employee or municipal volunteer fire fighter and is thus not entitled to compensation.

The Commission found that appellant did not fall within any of the three categories for whom the county is required to furnish

workers' compensation.[1] It was also noted that the definition of "employee" cited by appellant in Ark. Code Ann. § 14-14-1202 (1987) and Ark. Code Ann. § 14-14-1206 (1987) did not relate to coverage for workers' compensation purposes but rather involved personnel matters. We agree with the Commission that appellant was not an employee of the county as that term has been defined in section 14-14-1206 due to the fact he was not receiving a salary. However we disagree in regard to the finding that appellant was not an "official" of the county.

Title 14 of Arkansas Code Annotated is entitled "Local Government." Subtitle 2 under Title 14 is entitled "County Government." This subtitle is divided into Chapters 13 through 26. The provisions regarding workers' compensation are found in Chapter 26, which provides workers' compensation coverage for all county "officials, employees and municipal volunteer fire fighters." Ark. Code Ann. § 14-26-101 (emphasis added). The term "*officials*" is not defined in Chapter 26; however, Chapter 14, Subchapter 13 codified at Ark. Code Ann. §§ 14-14-1301 — 14-14-1313 (1987) is titled "Officers Generally." Pertinent to this case is section 14-14-1301(b) which is entitled, "Quorum Court District and Township Officers," and provides in pertinent part:

> There shall be elected in each township, as preserved and continued in § 14-14-401, one (1) constable who shall have the qualifications and perform such duties as may be provided by law.

This section also includes other elected officials such as county judges, county clerks and sheriffs.

 The first step in interpreting a statute is to construe it just as it reads by giving words their ordinary and usually accepted meaning. *American Casualty Co.* v. *Mason*, 312 Ark. 166, 847 S.W.2d 392 (1993). When interpreting an act, it is permissible to examine its title. *Id.* Parts of statutes relating to the

---

[1] The Commission also found that appellant was not entitled to temporary total disability benefits due to the fact he was not receiving any wages upon which an award could be based. This finding has not been challenged in this appeal; therefore, we express no opinion on the validity of this finding.

same subject matter must be read in light of each other. *City of Fort Smith* v. *Tate*, 311 Ark. 405, 844 S.W.2d 356 (1993); *Phillips* v. *City of Eureka Springs*, 312 Ark. 57, 847 S.W.2d 21 (1993). The workers' compensation chapter is within the same subtitle, County Government, as the chapter referring to "Officers Generally." Constables are included within this designation. The election of officers, and the term of years a constable shall hold office are set out in Ark. Code Ann. § 14-14-1302. All of these statutes involve the same subject matter. Based on the plain meaning of the words, the titles of the sections and the subject matter involved we hold that appellant, as a constable, is an official of the county and thus covered by workers' compensation. We therefore affirm the decision of the Court of Appeals.

NEWBERN, J., concurs.

DAVID NEWBERN, Justice, concurring. The majority opinion reaches the correct result, but I believe it can be explained with less confusion simply by pointing out that Ark. Code Ann. § 14-14-1301(b)(2) (1987) establishes constable as an elected township officer. Arkansas Code Ann. § 14-14-1202(b)(1)(A) (1987) provides with respect to ethical standards for county government that "officers and employees of county government shall include . . . all elected . . . township officers." Arkansas Code Ann. § 14-26-101 (1987) requires all counties "to provide workers' compensation coverage for their officials . . . ." It is thus clear that the General Assembly regards constables as county officers, and Farnsworth is entitled to coverage.