The Honorable Mike Ross State Senator P.O. Box 374 Prescott, Arkansas 71857
Dear Senator Ross:
This letter is a response to your request for an opinion regarding the following question:
 Can a constable be appointed to fill an unexpired vacated seat on a city board or city council?
It is my opinion that a constable can be appointed to fill a vacancy on a city board or council.[1]
The question that you have presented is one that is governed by the law that has developed in relation to the issue of dual office-holding. The Arkansas Supreme Court has indicated that there are three possible types of legal prohibitions to the concurrent holding of two offices:[2]
Constitutional prohibitions, statutory prohibitions, and common law prohibitions. Byrd v. State, 240 Ark. 743, 402 S.W.2d 121 (1966).
I have found neither a constitutional nor a statutory prohibition to the concurrent holding of the offices of constable and city council member.
A determination of whether common law prohibits the concurrent holding of two offices requires an analysis of the nature of the two offices in question. Having conducted such an analysis, I have concluded that common law does not prohibit the concurrent holding of the offices of constable and city council member.
The common law prohibition against the concurrent holding of two offices is the doctrine of incompatibility. Under this doctrine, it is impermissible for any person to hold two offices that are "incompatible." The Arkansas Supreme Court has stated that two offices are "incompatible" if "there is a conflict of interests." Byrd, 240 Ark. at 745. A conflict of interests exists in situations (among others) "where one office is subordinate to the other." Id. The Court has also described the incompatibility of two offices as situations in which "the discharge of the duties of the one conflict[s] with the duties of the other, to the detriment of the public good," State ex rel Murphy v. Townsend,72 Ark. 180 (1904), and as situations in which "one [office] is subordinate to the other, and subject in some degree to the supervisory power of its incumbent, or where the incumbent of one office has the power to remove the incumbent of the other or to audit the accounts of the other." Tappanv. Helena Fed. Savings Loan Assn., 193 Ark. 1023, 103 S.W.2d 458
(1937).
It is clear from a review of the statutes governing both city councils and constables that the functions of the two do not conflict and that neither has supervisory or removal power over the other. Constables are officials of the county, rather than of the municipality. See Farnsworthv. White County, 312 Ark. 574, 851 S.W.2d 451 (1993); A.C.A. §16-55-102(a)(4). Their conduct is governed by the laws addressing county officials. A.C.A. § 14-14-1202(b). Their removal from office for inappropriate conduct is accomplished through court decision, rather than through action of any city governing body. A.C.A. § 14-14-1202(d); A.C.A. § 14-14-1311; A.C.A. § 16-19-303. The standing to initiate an action seeking such removal is based upon county citizenship, rather than municipal citizenship. A.C.A. § 14-14-1202(d). Constables' compensation is determined by the county quorum court, rather than by any city governing body. A.C.A. § 14-14-1203; A.C.A. § 14-14-1205(d); A.C.A. §14-14-1206. The duties that are prescribed for constables by state law are not limited to municipal concerns. See, e.g., A.C.A. § 16-19-113 etseq.
The foregoing sources of law indicate that neither city councils nor city council members have any supervisory authority over constables, and vice versa. They indicate, therefore, that neither position is subordinate to the other. Moreover, neither has removal power over the other. These sources of law also indicate that the discharge of the duties of each of these two offices does not conflict with the discharge of the duties of the other.
For these reasons, I conclude that the offices of constable and city council member are not incompatible, and that the holding of both positions by one person is therefore not prohibited by law.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Suzanne Antley.
Sincerely,
WINSTON BRYANT Attorney General
WB:SBA/cyh
[1] Any appointment must comply with the applicable statutory requirements for such appointments. See, e.g., A.C.A. §§ 14-42-103, -104, -105.
[2] The positions of city council member and constable are both "offices" within the meaning of the various prohibitions. See Maddox v.State, 220 Ark. 762, 249 S.W.2d 972 (1952).