The Honorable Clark Hall State Representative 302 Elm Street Marvell, AR 72366-8729
The Honorable Curren Everett State Representative 9600 Highway 9 South Salem, AR 72576
Dear Representatives Everett Hall:
I am writing in response to your request for an opinion on the following:
 The purpose of this letter is to see if there is anything in the Arkansas Constitution that allows constables to have an isolated revolving blue light on their vehicle? In addition, is there an Arkansas [Code Section] that would give them the same authority?
RESPONSE
Blue lights, such as the isolated revolving blue lights mentioned in your request, are not addressed in the Arkansas Constitution. Consequently, nothing in that document authorizes constables to have such lights on their vehicles. The statutes addressing the purchase and use of blue lights, such as those mentioned in your request, are anything but clear. In my opinion, a court would likely resolve the conflict among the statutes involved by concluding that a constable, as a law enforcement officer, may purchase blue lights and install or utilize such lights as described below. Legislative clarification or judicial interpretation would be *Page 2 
beneficial. Finally, the continuing correctness of this conclusion may be impacted should pending House Bill 1474 of 2007 be enacted.
The Arkansas Constitution of 1874 states, with respect to constables, only the following:
 The qualified electors of each township shall elect the constable for the term of two years, who shall be furnished by the presiding judge of the county court with a certificate of election, on which his official oath shall be indorsed.
Ark. Const. Art. 7, § 47. It is apparent that the Arkansas Constitution does not address the issue of an isolated revolving blue-light for a constable. Rather, the Constitution merely mandates the existence of a constable to be elected from each township.
A review of the relevant law reveals that there are two separate issues regarding blue lights to be addressed in answering your request for an opinion. First, whether a constable may purchase an isolated revolving blue light, which implicates resolving contradictory statutory provisions. Second, whether a constable may install or operate such a blue light, which implicates resolving further ambiguous statutory provisions as well as the designation of a constable as either a county or township official.
Regarding the purchase of blue lights, such as the one referenced in your request, A.C.A. § 5-77-301 (Repl. 2005) provides in pertinent part:
 (a)(1) It is unlawful to sell or transfer a blue light to any person other than a certified law enforcement officer.
 * * * (b) A violation of this section is a Class A misdemeanor.
 (c) As used in this section, "blue light" means an operable blue light that: *Page 3 
 (1) Is designed for use by an emergency vehicle, or is similar in appearance to a blue light designed for use by an emergency vehicle; and
 (2) Can be operated by use of the vehicle's battery, the vehicle's electrical system, or a dry cell battery.
Id. This section was enacted by Act 497 of 1997 on March 13, 1997.
Arkansas Code Annotated § 5-77-201(Repl. 2005) states in pertinent part:
 (a)(1) It is unlawful to sell a blue light or blue lens cap to any person other than a law enforcement officer or a county coroner.
 (2) It is unlawful for a person other than a law enforcement officer or a county coroner to buy a blue light or blue lens cap.
 * * * (d) A violation of this section is a Class D felony.
 (e) As used in this section, "blue light" means an operable blue light that:
 (1) Is designed for use by an emergency vehicle, or is similar in appearance to a blue light designed for use by an emergency vehicle; and
 (2) Can be operated by use of the vehicle's battery, the vehicle's electrical system, or a dry cell battery.
Id. This section was enacted as part of Act 1281 of 1997 on April 9, 1997.
Plainly, the two provisions are contradictory. One section creates a felony while the other section creates a misdemeanor. Furthermore, the prohibition on sales to anyone other than a "certified law enforcement officer" is significantly different *Page 4 
from the prohibition against sales to anyone other than a "law enforcement officer."
A constable is a law enforcement officer or "conservator of the peace." A.C.A. § 16-19-301(a) (Repl. 1999); see also Op. Att'y Gen. 97-076. Constables, as well as sheriffs, are elected law enforcement officers who are not required to be certified pursuant to the standards contained in A.C.A. § 12-15-201 (Repl. 2003). See Op. Att'y Gen. 2002-332. There is no prohibition on an elected law enforcement officer, such as a constable or sheriff, from fulfilling the requirements set forth by the Arkansas Commission on Law Enforcement Standards and Training pursuant to A.C.A. § 12-15-201, but absent completion of such requirements neither will be a "certified" law enforcement officer. Id.
Legislative enactments alleged to be in conflict, such as A.C.A. §§5-77-201 and-301, must be reconciled, read together in a harmonious manner, and each given effect, if possible. See, e.g., Gritts v.State, 315 Ark. 1, 864 S.W.2d 859 (1993); City of Fort Smith v.Tate, 311 Ark. 405, 844 S.W.2d 356 (1993). Repeal by implication is not favored and is "never allowed except where there is such an invincible repugnancy between the former and later provisions that both cannot stand together." Donoho v. Donoho, 318 Ark. 637, 887 S.W.2d 290 (1994). When two legislative enactments are in such irreconcilable conflict that both cannot stand together, the conflicting provisions of one are repealed by implication by the other. See, e.g., Donoho, supra; and WardSchool Bus Mfg., Inc. v. Fowler, 261 Ark. 100, 547 S.W.2d 394 (1977). Ordinarily, the provisions of an act adopted later in time repeal the conflicting provisions of an earlier act. Daniels v. City of FortSmith, 268 Ark. 157, 594 S.W.2d 238 (1980). With respect to such acts, A.C.A. § 1-2-207(b) (Supp. 2005) provides:
 (1) When more than one (1) act concerning the same subject matter is enacted by the General Assembly during the same session, whether or not specifically amending the same sections of the Arkansas Code or an uncodified act, all of the enactments shall be given effect except to the extent of irreconcilable conflicts in which case the conflicting provision of the last enactment shall prevail.
 (2) The last enactment is the one which the Governor signed last or if the Governor does not sign one of the acts then the last enactment *Page 5 
is the act which was last voted on by either house of the General Assembly.
Id.[1]
In my opinion, a court will most likely reconcile the two statutes recounted above, by looking to the later enacted section. As noted above, Act 1281 of 1997 was enacted nearly a month after Act 497. Neither Act contained an emergency clause. The latter of the two conflicting acts would, in my opinion, be controlling. Therefore, elected law enforcement officers, such as constables and sheriffs, who are not required to be certified, may purchase blue lights such as those referenced in your request.[2]
To address whether a constable who, under current law, may purchase a blue light may then install and operate such a light, requires analysis of separate statutory provisions. A constable is elected by a township and not an entire county. See *Page 6 
Ark. Const. Art. 7, § 47. Furthermore, in A.C.A. § 14-14-1301 (Supp. 2005) the General Assembly distinguished county officers, such as the county judge and sheriff listed in subsection (a), from township and district officials, such as the constable listed in subsection (b). This indicates that the General Assembly intends to distinguish county officials from district or township officials.
This distinction is relevant in analyzing A.C.A. §§ 27-36-303 (Repl. 2004) and 27-49-219 (Supp. 2005) to determine whether a constable may install and operate a blue light. Specifically, A.C.A. § 27-36-303
requires "[a]ll state county, or city and municipal police agencies" to "install, maintain, and exhibit blue rotating or flashing emergency lights upon all police motor vehicles . . . [.]" Arkansas Code Annotated § 27-49-219 states in pertinent part that "authorized emergency vehicles" include "motor vehicles used by state, county, or city and municipal police agencies." The Arkansas Code does not define the phrase "police agencies." The term "law enforcement agencies" is defined as a "police force or organization whose primary responsibility as established by statute or ordinance is the enforcement of the criminal, traffic, or highway laws of this state[.]" See, e.g, A.C.A. §12-9-301(5) (Repl. 2003); and A.C.A. § 12-9-401(3) (Repl. 2003).
It is significant that A.C.A. § 27-49-219 does not include "township police agencies" in the definition of "authorized emergency vehicles." As noted above, the General Assembly distinguishes county officials, such as a sheriff, from township officials, such as a constable. Upon examination of the plain and ordinary language of the statutes, it appears that the General Assembly intended to extend certain rights and privileges to county officials while denying the same to township officials.
This conclusion, however, is problematic when examining whether a constable may install and use a blue light as described above. I have concluded that the current law allows constables to purchase blue lights under A.C.A. § 5-77-201 and it would be counterintuitive to suggest that constables may purchase blue lights but are forbidden from installing or using them. Although the General Assembly has demonstrated an intent to treat county officials and township officials differently, in this instance it is my opinion that a court would likely conclude that a constable is a county official for the purposes of A.C.A. § 27-49-219. *Page 7 
The status of townships, much less township officials such as constables, has been unclear for some time. One of my predecessors described townships as "political subdivisions which appear to have little remaining efficacy save for the election of constables and the operation of certain 'wet/dry' 'local option' statutes." Op. Att'y Gen.98-313 at fn. 1 (citations omitted). The Arkansas Supreme Court has addressed the issue of whether a constable should be considered a "township official" or a "county official" only once. Farnsworth v.White County, 312 Ark. 574, 851 S.W.2d 451 (1993). The constable for the Cypert township of White County was denied workers' compensation because the administrative law judge concluded that he was not a county official. Id. The Arkansas Supreme Court reversed that decision holding that "[b]ased on the plain meaning of the words, the titles of the sections and the subject matter involved we hold appellant, as a constable, is an official of the county and thus covered by workers' compensation." Id. at 577. Specifically, Justice Newbern concurred stating:
 The majority opinion reaches the correct result, but I believe it can be explained with less confusion simply by pointing out that Ark. Code Ann. § 14-14-1301(b)(2) (1987) establishes constable as an elected township officer. Arkansas Code Ann. § 14-14-1202(b)(1)(A) (1987) provides with respect to ethical standards for county government that 'officers and employees of county government shall include . . . all elected . . . township officers." Ark. Code Ann. § 14-26-101
(1987) requires all counties 'to provide workers' compensation coverage for their officials . . .' It is thus clear that the General Assembly regards constables as county officers, and Farnsworth is entitled to coverage.
Id.
My predecessors have repeatedly noted that a constable is a county official for workers' compensation purposes. Ops. Att'y Gen 99-027; 95-281; and 93-336. I have no reason to believe that a court would deviate from the Farnsworth analysis recounted above in determining whether a constable's vehicle would be considered a county emergency vehicle authorized to use blue lights.
As noted above, constables may purchase and possess blue lights under the current laws of this state. Looking to the intent of the General Assembly and the guidance *Page 8 
of the Arkansas Supreme Court, it would be counterintuitive to allow the purchase and possession of blue lights without also allowing the concomitant use of blue lights in furtherance of a constable's statutory duties as a conservator of the peace. In my opinion, a court would likely conclude that a constable, authorized to purchase and possess a blue light for emergency purposes, is a county officer and that, absent legislative clarification or judicial interpretation, a "police agency" authorized to use blue lights in the course of his or her official duties within the boundaries of his or her respective township pursuant to A.C.A. § 27-49-219.
Assistant Attorney General Joel DiPippa prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL Attorney General
[1] The presumption is that two acts passed during the same session addressing the same subject were the result of the same policy and that both should be given effect, if possible. See, e.g., Adams v.Arthur, 333 Ark. 53, 969 S.W.2d 598 (1998). The Arkansas Supreme Court has held that this rule must yield if it is necessary to effectuate legislative intent, Horn v. White, 225 Ark. 540, 284 S.W.2d 122 (1955), and that if two acts passed at the same legislative session contain conflicting clauses, the whole record of legislation will be examined to ascertain the legislative intent, and such intent, if ascertained, will be given effect, regardless of priority of enactment. Id. Because both Acts in this instance are attempts to restrict the sale of blue lights, it is unlikely that a court would look to one of these exceptions when interpreting the two provisions.
[2] House Bill 1474 of 2007 would significantly change the provisions of A.C.A. §§ 5-77-201 and-301. Originally, H.B.1474 would have clarified the contradictory provisions by repealing A.C.A. § 5-77-301 and incorporating the requirement of being a certified law enforcement officer into A.C.A. § 5-77-201. However, as amended, H.B. 1474 fails to clarify the statutory language regarding the purchase of blue lights and creates new inconsistencies within the proposed language of A.C.A. § 5-77-201 itself. The current language of the bill retains the repeal of A.C.A. § 5-77-301 and the inclusion of the requirement that all purchasers of a blue light be certified law enforcement officers or county coroners. However, a separate provision addressing the documentation required lists both certified law enforcement officers and constables with 120 hours of training, implying that non-certified constables may purchase blue lights regardless of the restrictions in the previous subsection. Additionally, H.B. 1474 would amend A.C.A. § 27-36-301 to specifically allow constables to install and operate a blue light on "his or her properly marked vehicle."
In my opinion, a court, if forced to reconcile these internally conflicting provisions, would likely allow the use and installation of blue lights only by certified constables to give the greatest effect to all segments of this proposed enactment. Legislative clarification would be warranted should H.B. 1474 be enacted in its current form.