Mr. Marvin Cossey 198 Needmore Road Sidney, AR 72577-9322
Dear Mr. Cossey:
This is in response to your request for certification, pursuant to A.C.A. § 7-9-107 (Repl. 2000), of the popular name and ballot title for a proposed constitutional amendment. Your popular name and ballot title are as follows:
Popular Name
Four Year Terms for Elected County Officials
Ballot Title
AN AMENDMENT PROVIDING THAT THE TERMS OF OFFICE OF ALL COUNTY JUDGES, SHERIFFS, COUNTY AND CIRCUIT CLERKS, ASSESSORS, TAX COLLECTORS, COUNTY TREASURERS, JUSTICES OF THE PEACE AND CONSTABLES WHO ARE ELECTED AFTER THE ADOPTION OF THIS AMENDMENT SHALL BE FOUR YEARS, AND FURTHER PROVIDING THAT PROVISIONS OF THE CONSTITUTION IN CONFLICT WITH THIS AMENDMENT ARE HEREBY REPEALED
The Attorney General is required, pursuant to A.C.A. § 7-9-107, to certify the popular name and ballot title of all proposed initiative and referendum acts or amendments before the petitions are circulated for signature. The law provides that the Attorney General may substitute and certify a more suitable and correct popular name and ballot title, if he can do so, or if the proposed popular name and ballot title are sufficiently misleading, may reject the entire petition. Neither certification nor rejection of a popular name and ballot title reflects our view of the merits of the proposal because this Office has been given no authority to consider the merits of any measure.
In this regard, A.C.A. § 7-9-107 neither requires nor authorizes this office to make legal determinations concerning the merits of the act or amendment, or concerning the likelihood that it will accomplish its stated objective. Consequently, this review has been limited to a determination, pursuant to the guidelines that have been set forth by the Arkansas Supreme Court, discussed below, of whether the proposed popular name and ballot title accurately and impartially summarize the provisions of your proposed amendment.
The purpose of my review and certification is to ensure that the popular name and ballot title honestly, intelligibly, and fairly set forth the purpose of the proposed amendment. See Arkansas Women's Political Caucus v. Riviere, 282 Ark. 463, 466, 677 S.W.2d 846 (1984).
The popular name is primarily a useful legislative device. Pafford v. Hall, 217 Ark. 734, 233 S.W.2d 72 (1950). It need not contain detailed information or include exceptions that might be required of a ballot title, but it must not be misleading or give partisan coloring to the merit of the proposal. Chaney v. Bryant, 259 Ark. 294, 532 S.W.2d 741
(1976); Moore v. Hall, 229 Ark. 411, 316 S.W.2d 207 (1958). The popular name is to be considered together with the ballot title in determining the ballot title's sufficiency. Id.
The ballot title must include an impartial summary of the proposed amendment that will give the voter a fair understanding of the issues presented. Hoban v. Hall, 229 Ark. 416, 417, 316 S.W.2d 185 (1958); Becker v. Riviere, 270 Ark. 219, 223, 226, 604 S.W.2d 555 (1980). According to the court, if information omitted from the ballot title is an "essential fact which would give the voter serious ground for reflection, it must be disclosed." Bailey v. McCuen, 318 Ark. 277, 285,884 S.W.2d 938 (1994), citing Finn v. McCuen, 303 Ark. 418,798 S.W.2d 34 (1990); Gaines v. McCuen, 296 Ark. 513, 758 S.W.2d 403 (1988); Hoban v. Hall, supra; and Walton v. McDonald, 192 Ark. 1155, 97 S.W.2d 81
(1936). At the same time, however, a ballot title must be brief and concise (see A.C.A. § 7-9-107(b)); otherwise voters could run afoul of A.C.A. § 7-5-522's five minute limit in voting booths when other voters are waiting in line. Bailey v. McCuen, supra. The ballot title is not required to be perfect, nor is it reasonable to expect the title to cover or anticipate every possible legal argument the proposed measure might evoke. Plugge v. McCuen, 310 Ark. 654, 841 S.W.2d 139 (1992). The title, however, must be free from any misleading tendency, whether by amplification, omission, or fallacy; it must not be tinged with partisan coloring. Id. A ballot title must convey an intelligible idea of the scope and significance of a proposed change in the law. Christian Civic Action Committee v. McCuen, 318 Ark. 241, 884 S.W.2d 605 (1994). It has been stated that the ballot title must be: 1) intelligible, 2) honest, and 3) impartial. Becker v. McCuen, 303 Ark. 482, 798 S.W.2d 71 (1990), citing Leigh v. Hall, 232 Ark. 558, 339 S.W.2d 104 (1960).
Having analyzed your proposed amendment, as well as your proposed popular name and ballot title under the above precepts, it is my conclusion that I must reject your proposed popular name and ballot title due to ambiguities in the text of your proposed measure. Additions or changes to your popular name and/or ballot title are likely necessary, in my view, in order to more fully and correctly summarize your proposal. I cannot, however, at this time, fairly or completely summarize the effect of your proposed measure to the electorate in a popular name or ballot title without the resolution of the ambiguities. I am therefore unable to substitute and certify a more suitable and correct popular name and ballot title pursuant to A.C.A. § 7-9-107(b).
I refer to the following ambiguities:
Your proposed popular name refers generally to "elected county officials," suggesting that if adopted, the amendment would establish four-year terms for all such elected officials. I note, however, that the offices of coroner and surveyor are not included under the text of your proposed amendment. Currently, the electors of each county elect a coroner and a surveyor for two-year terms each, along with the other county executive officers provided for under Article 7, Section 46 of the Arkansas Constitution.[1] If in fact coroners and surveyors are not to be included among the affected officials, this must be clear from a reading of the popular name and ballot title. My uncertainty in this regard, however, prevents me from being able to substitute a popular name and/or ballot title for those proposed.
By referring in the popular name only to "elected county officials," you appear to characterize constables as county officials, whereas under the Arkansas Constitution, constables are elected by township, and not by the entire county. Ark. Const. art. 7, § 47. Constables therefore are not, technically speaking, "county officials," and it might be confusing to the voters to designate them as such. Constables are considered county officials for some purposes. See, e.g., Farnsworth v. White County, 312 Ark. 574, 851 S.W.2d 451 (1993) (workers' compensation coverage) and Op. Att'y Gen. 2007-030 (use of "blue lights" by law enforcement officers). But it is nevertheless clear under the current constitution that constables are elected by each township. See again Ark. Const. art. 7, § 47. I realize that any confusion that might be caused by your proposed popular name in this respect can be clarified by simply modifying the popular name. This assumes, however, that you in fact do not intend, through your proposed amendment, to effect any change respecting constables other than to change their term of office from the current two years to four years. While this may be a reasonable assumption, given that there is nothing in the text of your proposed measure to suggest that any other change is intended, I believe some uncertainty arises simply from the proposed popular name's reference to "elected county officials." I am therefore reluctant to modify the popular name, and must instead direct you to make the modification so that the popular name and ballot title together accurately reflect the intended change in the law respecting constables.
My office, in the certification of ballot titles and popular names, does not concern itself with the merits, philosophy, or ideology of proposed measures. I have no constitutional role in the shaping or drafting of such measures. My statutory mandate is embodied only in A.C.A. § 7-9-107 and my duty is to the electorate. I am not your counsel in this matter and cannot advise you as to the substance of your proposal.
At the same time, however, the Arkansas Supreme Court, through its decisions, has placed a practical duty on the Attorney General, in exercising his statutory duty, to include language in a ballot title about the effects of a proposed measure on current law. See, e.g., Finn v. McCuen, 303 Ark. 418, 793 S.W.2d 34 (1990). Furthermore, the Court has recently confirmed that a proposed amendment cannot be approved if "[t]he text of the proposed amendment itself contribute[s] to the confusion and disconnect between the language in the popular name and the ballot title and the language in the proposed measure." Roberts v. Priest, 341 Ark. 813, 20 S.W.3d 376 (2000). The Court concluded: "[I]nternal inconsistencies would inevitably lead to confusion in drafting a popular name and ballot title and to confusion in the ballot title itself." Id. Where the effects of a proposed measure on current law are unclear or ambiguous, it is impossible for me to perform my statutory duty to the satisfaction of the Arkansas Supreme Court without clarification of the ambiguities.
My statutory duty, under these circumstances, is to reject your proposed ballot title, stating my reasons therefor, and to instruct you to "redesign" the proposed measure and ballot title. See A.C.A. §7-9-107(c). You may, after clarification of the matters discussed above, resubmit your proposed amendment, along with a proposed popular name and ballot title, at your convenience. I anticipate that some changes or additions to your submitted ballot title may be necessary. I will be pleased to perform my statutory duties in this regard in a timely manner after resubmission.
Sincerely,
DUSTIN McDANIEL Attorney General
[1] Article 7, Section 46 states in full as follows:The qualified electors of each county shall elect one sheriff, who shall be ex-officio collector of taxes, unless otherwise provided by law; one assessor, one coroner, one treasurer, who shall be ex-officio treasurer of the common school fund of the county, and one county surveyor, for the term of two years, with such duties as are now or may be prescribed by law. Provided, that no per centum shall ever be paid to assessors upon the valuation or assessment of property by them. Ark. Const. art. 7, §46.