The Honorable Brent Haltom Prosecuting Attorney Eighth Judicial District South Miller County Courthouse, Room 6 Texarkana, Arkansas 71854
Dear Mr. Haltom:
I am writing in response to your recent request for my opinion on the following eight (8) questions:
 1. Is it your opinion that both district officers and township officers are considered "county officers" under the Arkansas Code?
 2. Is it your opinion that the Arkansas Code contemplates that constables will be township officers, and not district officers?
 3. Miller County, Arkansas has elected constables by district, rather than by township. Are these elections valid?
 4. If so, are the constables who were elected by district considered district officers or township officers?
 5. Is it your opinion that constables, as county and township officers, are entitled to reimbursement for nondiscretionary functions — to the extent that those functions are actually performed, pursuant to Ark. Code Ann. § 14-14-1207? *Page 2 
 6. If so, would the election of constables by district in Miller County Arkansas affect the right to reimbursement in any fashion?
 7. Of the requirements for constables delineated in Ark. Code Ann. § 14-14-1314, which requirements, if any, would be considered "nondiscretionary," such that the compliance with those requirements would require reimbursement under Ark. Code Ann. § 14-14-1207?
 8. What remedies would a constable have, if a county quorum court refused to reimburse a constable for the performance of nondiscretionary functions? Would such remedy include the right to stake a priority claim to funds paid as a result of stops or arrests made by the constable rather than allowing those funds to be paid into the county general fund?
RESPONSE
Because the remainder of your questions deals with constables, I assume that the crux of your first question is whether a constable is properly considered a "county officer" under the Arkansas Code. Therefore, in response to your first question, it is my opinion that whether a constable, as a "township officer," is a "county officer" under the Arkansas Code depends on the particular context of the question. In response to your second question, it is my opinion that both the Arkansas Constitution and the Arkansas Code contemplate that constables will be township officers. In response to your third question, I must note that the validity of these elections is an issue that can only be decided by a judge in the course of an election contest. In response to your fourth question, it is my opinion that constables are properly considered township officers regardless of how they were elected. In response to your fifth question, it is my opinion that constables, as township officers under the applicable statute, are entitled to reimbursement for allowable expenses incurred while conducting county affairs, provided that the incurrence of said expenses is non-discretionary. In response to your sixth question, it is my opinion that, assuming the constables elected actually serve, they are entitled to reimbursement as set forth by the applicable statute. In response to your seventh question, it is my opinion that all of the requirements for constables delineated by A.C.A. § 14-14-1314 may properly be considered non-discretionary, such that expenses incurred to meet said requirements are reimbursable pursuant *Page 3 
to A.C.A. § 14-14-1207. Finally, in response to your eighth question, it is my opinion that a writ of mandamus may be available to compel the county quorum court to reimburse a constable for allowable and non-discretionary expenses incurred while conducting county affairs. A constable's available remedies do not include the type of "self-help" that you described, as such is prohibited by law.
Question 1: Is it your opinion that both district officers and townshipofficers are considered "county officers" under the Arkansas Code?
Your question is posed very generally; however, it is difficult to answer this question in a general sense. The lines between county officers, quorum court district officers, and township officers are blurred in certain instances. However, for other purposes, these are three distinct categories.
Because your remaining seven questions deal exclusively with constables, I assume that you are asking whether constables, specifically, are considered "county officers" under the Arkansas Code. As will be set forth in greater detail below, in response to questions two (2) through four (4), it is my opinion that constables are "township officers" rather than "district officers," regardless of how they are elected. For this reason, my analysis of question one (1) will be limited to whether constables, as township officers, are properly considered "county officers" under the Code.
The Arkansas Supreme Court has held that constables, constitutionally and statutorily designated as "township officers," should be considered "county officers," at least for purposes of workers' compensation.Farnsworth v. White County, 312 Ark. 574, 577, 851 S.W. 2d 451 (1993). Interpreting the statutes in light of the plain meaning of the words, examining the title of the act, and construing the relevant statutes in reference to each other, the Court in Farnsworth reasoned that because the "Workers' Compensation" chapter and the subchapter referring to "Officers Generally," which includes constables, are both found in the subtitle "County Government," constables are officials of the county and are therefore covered by workers' compensation. Id. At 576-77. The following language is most relevant:
 The workers' compensation chapter is within the same subtitle, County Government, as the chapter referring to "Officers Generally." Constables are included within this designation. The election of officers, and the term of years a constable shall hold *Page 4 
office are set out in Ark. Code Ann. § 14-14-1302. All of these statutes involve the same subject matter. Based on the plain meaning of the words, the titles of the sections and the subject matter involved we hold that appellant, as a constable, is an official of the county and thus covered by workers' compensation.
Id. Although the court's analysis dealt with workers' compensation specifically, this same line of reasoning might arguably suggest that constables are properly considered "county officials" for the purpose ofany statute within the "County Government" subtitle.
It is also relevant to note, however, that some statutes within the "County Government" subtitle treat county officers as separate from township officers, including constables. This suggests that constables are not "county officers" for all intents and purposes under the Code. For example, A.C.A. § 14-14-603 states that "within the purposes of this chapter [the County Government Code] the term "elective county office" shall mean any office created under the provisions of Arkansas Constitution, Article 7, §§ 19 and 46, as amended by Amendment 24, § 3. A.C.A § 14-14-603(a) (1998). This designation does not include the office of constable, which was created under Arkansas Constitution, Article 7, § 47. See A.C.A. § 14-14-604(3) (1998). In addition, A.C.A. § 14-14-1204, which sets forth the "[c]ompensation of elected county officers," does not address the compensation of constables. A.C.A. § 14-14-1204 (Supp. 2007). Rather, constables are covered by A.C.A. § 14-14-1205, setting forth the "[c]ompensation of township officers." A.C.A. § 14-14-1205
(Supp. 2007). Also, A.C.A. § 14-14-1301 entitled "[c]ounty, quorum court district, and township officers" lists "County Officers" (subsection a) separately from "Quorum Court District and Township Officers" (subsection b). A.C.A. § 14-14-1301 (Supp. 2007).
Moreover, as "township officers," constables are not considered "county officers" for purposes of Amendment 55, § 2(b) which authorizes the Quorum Court to "create, consolidate, separate, revise or abandon any elective county office[.]" (emphasis added); Ops. Att'y Gen. 77-023; 98-313; see also, A.C.A. 14-14-604(3) (recognizing that constables are township officers and do not fall under Amendment 55, § 2, Part (b).) It may also be noted that the authority of a constable is generally considered to be limited to his own township and is therefore not county-wide. Ops. Att'y Gen. 89-197; 91-394; 93-017. *Page 5 
For these reasons, in my opinion, the question of whether a constable, as a "township officer," may properly be considered a "county officer" under the Code depends on the particular context.
Question 2: Is it your opinion that the Arkansas Code contemplates thatconstables will be township officers, and not district officers?
Yes. In my opinion, both the Arkansas Constitution and the Arkansas Code contemplate that constables will be elected by township and will therefore be "township officers" rather than "district officers."
The office of constable was formally created by the Arkansas Constitution, Article 7, § 47, which provides, in relevant part:
 The qualified electors of each township shall elect the Constable for the term of two years[.]
Ark. Const., Art. 7, § 47 (emphasis added).
Turning to the Arkansas Code, A.C.A. § 14-14-1314(b) is entitled "Quorum Court District and Township Officers" and states, in relevant part:
 (b) QUORUM COURT DISTRICT AND TOWNSHIP OFFICERS.
 (1) There shall be elected in each of the quorum court districts of the counties of this state one (1) justice of the peace . . .
 (2) There shall be elected in each township, as preserved and continued in § 14-14-401, one (1) constable who shall have the qualifications and perform such duties as may be provided by law.
A.C.A. § 14-14-1314(b) (Supp. 2007) (emphasis added). In my opinion, this subsection clearly contemplates that justices of the peace are generally "quorum court district officers," while constables are generally "township officers." See also, Op. Att'y Gen. 96-090.
Moreover, A.C.A. § 14-14-604, regarding alternative county government organization, expressly recognizes that constables "are deemed townshipoffices." A.C.A. § 14-14-604(3) (1998) (emphasis added). Also, as previously mentioned, within the statutes which govern compensation, compensation for constables is *Page 6 
addressed under the heading "[c]ompensation of township officers." A.C.A. § 14-14-1205(d) (Supp. 2007) (emphasis added).
For all of these reasons, it is my opinion that constables are "township officers" rather than "district officers."
Question 3: Miller County, Arkansas has elected constables by district,rather than by township. Are these elections valid?
Quorum court districts are required by Amendment 55, § 2 to the Arkansas Constitution to be drawn by the county board of election commissioners. The number of such districts in a county ranges from nine to fifteen, depending on the county's population. Op. Att'y Gen. 95-282.
Townships, on the other hand, are political subdivisions which are maintained for the purpose of electing constables. Id; see Ark. Const. Art. 7, § 47. Townships are also relevant to the operation of certain "wet/dry" local option statutes. Id; see A.C.A. § 3-8-205 (Supp. 2007). The county court in each county has the authority to divide the county into townships, including the ability to subdivide and alter the boundaries of existing townships. A.C.A. § 14-14-401(b) (Repl. 1998).[1]
It would be possible for a county court to make the township boundaries coextensive with the quorum court district boundaries. If this were done, the same voters would elect both township and quorum court district positions. Based on your questions, however, I assume that this has not taken place in Miller County and that the voters in each quorum court district are not necessarily all within the same township. This means that if a constable is elected by quorum court district, it is quite possible that some of the voters who cast their ballots for him or her were not legally qualified to vote in the contest, while other voters who were legally qualified to vote in the contest instead voted in other constable contest(s). Therefore, I assume that the crux of your question is whether these elections are invalid because such illegal votes were cast.
There is a presumption that the votes cast in an election are lawful until their authenticity has been impeached by affirmative evidence.Binns v. Heck, 322 Ark. 277, 908 S.W.2d 328 (1995). Therefore, the proper method for questioning the *Page 7 
validity of these election results would be filing an appropriate action. See Parsons v. Mason, 265 S.W.2d 526, 223 Ark. 281 (1954). The losing candidate may challenge the certification of an election by the filing an election contest pursuant to A.C.A. § 7-5-801.[2]
The right to contest an election is purely statutory, and the proceeding is governed entirely by statute. McCastlain v. Elmore,10 S.W.3d 835, 340 Ark. 365 (2000); Womack v. Foster, 8 S.W.3d 854,340 Ark. 124 (2000). The statutes governing election contests are found at A.C.A. § 7-5-801 et seq. Arkansas Code Annotated § 7-5-801 provides in relevant part:
 (a) A right of action is conferred on any candidate to contest the certification of nomination or the certificate of vote as made by the appropriate officials in any election.
 (b) The action shall be brought in the circuit court of the county in which the certification of nomination or certificate of vote is made when a county or city or township office, including the office of county delegate or county committeeman, is involved, and except as provided in this subchapter, within any county in the circuit or district wherein any of the wrongful acts occurred when any circuit or district office is involved, and except as provided in this subchapter, in the Pulaski County Circuit Court when the office of United States Senator or any state office is involved.
 * * * (d) The complaint shall be verified by the affidavit of the contestant to the effect that he or she believes the statements to be true and shall be filed within twenty (20) days of the certification
complained of.
A.C.A. § 7-5-801 (2000) (emphasis added). *Page 8 
As you can see, the statute provides that once an election has been certified, any contest to that certification must be filed by a losing candidate in the appropriate court within twenty (20) days. The Arkansas Supreme Court has stated that this statute provides the only private post-election right to challenge an election. Pederson v. Stracener,354 Ark. 716, 128 S.W.3d 818 (2003). The requirements set out by the statute are both mandatory and jurisdictional. See Willis v. King,352 Ark. 55, 98 S.W.3d 427 (2003). Jurisdictional requirements for election contests are strictly construed. Id. Where a challenger does not comply with the requirements of this statute, the circuit court is without subject matter jurisdiction to hear the action. Pederson,354 Ark. 716, 128 S.W.3d 818.
Moreover, assuming all relevant jurisdictional requirements are met, the courts are reluctant to disenfranchise voters by overturning election results. Whitley v. Cranford, 354 Ark. 253, 119 S.W.3d 28
(2003); Womack v. Foster, 340 Ark. 124, 8 S.W.3d 854 (2000); Patton v.Coates, 41 Ark. 111 (1883). Where it is possible to purge illegal or improper votes leaving the election valid, the courts will do so.Id. However, the court will void an election where the wrongs involved are clear and are so general and serious that the result is left truly uncertain. The test for when an election may be voided was set out in the Patton case:
 The wrong should appear to have been clear and flagrant, and in its nature diffusive in its influences calculated to effect more than can be traced, and sufficiently potent to render the result really uncertain. If it be such, it defeats a free election, and every honest voter and intimidated or deceived voter is aggrieved thereby. It is his interest to sacrifice his own vote to right the evil. If it be not so general and serious, the court cannot safely proceed beyond the exclusion of particular illegal votes, or the supply of particular legal votes rejected.
Patton, 41 Ark. at 126.
Whether the elections in question would be invalidated in the event of an appropriate court action is a question that could only be decided by the judge based upon the facts and circumstances. See Op. Att'y Gen.2002-301.
As set forth in my response to your second question, it is clear that under Arkansas law constables must be elected by township rather than by quorum court district. The requirement that constables be elected by township is found in both our *Page 9 
constitution and our statutes, and any conflicting local legislation would be void as contrary to the law of the state. See Ark. Const., Art.7, § 47; A.C.A. § 14-14-1314(b) (Supp. 2007; Allred v. McLoud,343 Ark. 35, 31 S.W.3d 836 (2000). For this reason, assuming that the election of constables was in fact by district and not township, a court adjudicating an election contest would likely find that the wrong was clear and flagrant.
It is more difficult to ascertain the likelihood that a court would find that the wrong in this instance was so general and serious as to leave the election results truly uncertain. Such a determination would require a careful and detailed review of the relevant facts and circumstances. Because your opinion request provided very limited facts, I decline to speculate as to whether a court adjudicating an election contest would find the wrong at issue serious enough to warrant voiding these elections.
Furthermore, given the twenty day statute of limitations for filing an election contest, it appears unlikely that an election contest could be filed at this point in time. See A.C.A. § 7-5-801(d).
Question 4: If so, are the constables who were elected by districtconsidered district officers or township officers?
As set forth above, the question of whether these elections are, in fact, valid is a question that must be answered by the courts. It should be emphasized, however, that constables are township officers rather than district officers regardless.
For reasons described in some detail in response to your second question, the office of constable is clearly a township office. As far as I am aware, Arkansas law contains no provision that contemplates treating constables as quorum court district officers. Miller County cannot make the office of constable a quorum court district office by changing the manner in which constables are elected. Any local effort to alter state law is void. See Allred, supra.
Question 5: Is it your opinion that constables, as county and townshipofficers, are entitled to reimbursement for nondiscretionary functions —to the extent that those functions are actually performed, pursuant toArk. Code Ann. § 14-14-1207?
The applicable statute, § 14-14-1207, provides, in relevant part: *Page 10 
 All elected county and township officers . . . shall be entitled to receive reimbursement of allowable expenses incurred in the conduct of county affairs where the incurrence of expense is not discretionary in the conduct of duties assigned by law.
A.C.A. § 14-14-1207(a) (Supp. 2007) (emphasis added).
It is therefore my opinion that the plain language of the statute entitles constables, as township officers, to reimbursement for allowable expenses incurred while conducting county affairs, provided the incurrence of said expenses is nondiscretionary. In my opinion, constables are most certainly included as "township" officers under this statute.
Question 6: If so, would the election of constables by district in MillerCounty Arkansas affect the right to reimbursement in any fashion?
Regardless of how they were elected, constables are, as set forth in my response to question 4, township officers and are thus entitled to reimbursement as set forth by the plain language of A.C.A. § 14-14-1207.
Question 7: Of the requirements for constables delineated in Ark.Code Ann. § 14-14-1314, which requirements, if any, would be considered"nondiscretionary," such that the compliance with those requirementswould require reimbursement under Ark. Code Ann. § 14-14-1207?
The first statute that you referenced, A.C.A. § 14-14-1314, is entitled "Constable training requirements — Uniform Requirements." Subsection (a) deals with training of constables. More specifically, subsection (a)(1)(A) requires a constable to complete certain courses in order to obtain access to the Arkansas Crime Information Center, while subsection (a)(1)(B) requires a constable to complete certain courses in order to carry a firearm. A.C.A. § 14-14-1314(a) (Supp. 2007). Subsection (b) deals with uniforms for constables and states: "In the performance of his or her official duties a constables shall wear a uniform consisting of . . ." A.C.A. § 14-14-1314(b) (Supp. 2007) (emphasis added). Similarly, subsection (c) deals with vehicles for constables and states: "In the performance of his or her official duties a constable shall drive a vehicle that is: 1) Fully equipped with emergency equipment; and (2) Clearly marked with a six-point star and the words "Arkansas Constable." A.C.A. § 14-14-1314(c) (Supp. 2007) (emphasis added). *Page 11 
As previously set forth, A.C.A. § 14-14-1207(a) entitles constables to be reimbursed for allowable expenses "incurred in the conduct of county affairs" so long as these expenses are non-discretionary "in the conduct of duties assigned by law." A.C.A. § 14-14-1207(a).
Arkansas Code Annotated § 14-14-1314(b) requires constables to wear specific uniforms while performing their official duties. Likewise, A.C.A. § 14-14-1314(c) requires constables to drive a vehicle equipped in the manner set forth while performing their official duties. Because these uniforms and these vehicle specifications are expressly required by the statute whenever a constable is performing official duties, it seems clear that expenditures legitimately made on the same are non-discretionary expenses "incurred in the conduct of county affairs."
Arkansas Code Annotated § 14-14-1314(a) does not expressly require every constable to complete the training courses described; however it does require a constable to complete said training in order to be able to lawfully access the Arkansas Crime Information Center and lawfully carry a firearm. In my opinion, this training may be deemed non-discretionary if access to this information and the ability to carry a firearm are needed for a constable to carry out his or her official duties.
Arkansas Code Annotated § 16-19-301 addresses a constable's duties as a "conservator of the peace." Subsection (a) requires a constable to "suppress all riots, affrays, fights, and unlawful assemblies," "keep the peace," and "cause offenders to be arrested and dealt with according to law." In my opinion, access to the Arkansas Crime Information Center and the ability to carry a firearm are needed for a constable to be able to effectively carry out these duties. For this reason, it is my opinion that expenditures made to attend the training courses described by A.C.A. § 14-14-1314(a) are allowable and non-discretionary expenses "incurred in the conduct of county affairs."
Based on this analysis, it is my opinion that all of the requirements for constables set forth by A.C.A. § 14-14-1314 are non-discretionary such that any expenditures made pursuant to those requirements must be reimbursed as set forth in A.C.A. § 14-14-1207. *Page 12 
Question 8: What remedies would a constable have, if a county quorumcourt refused to reimburse a constable for the performance ofnondiscretionary functions? Would such remedy include the right to stakea priority claim to funds paid as a result of stops or arrests made bythe constable rather than allowing those funds to be paid into the countygeneral fund?
In response to your final question, it is my opinion that a writ of mandamus may be available to compel the county quorum court to reimburse a constable for allowable and non-discretionary expenses incurred while conducting county affairs:
 The purpose of a writ of mandamus is to enforce an established right or to enforce the performance of a duty. A writ of mandamus is issued by this court only to compel an official or judge to take some action. When requesting a writ of mandamus, a petitioner must show a clear and certain right to the relief sought and the absence of any other adequate remedy.
Arkansas Democrat-Gazette v. Zimmerman, 341 Ark. 771, 777, 20 S.W.3d 301,304 (2000).
Moreover, in the case of Moyer v. Althemier, 168 Ark. 271, 270 S.W. 91
(1925), the Arkansas Supreme Court held that mandamus was the appropriate remedy to compel the county court to appropriate money which it had a legal duty to appropriate.
In my opinion, a constable's available remedies do not include the right to stake a priority claim to funds paid as a result of stops or arrests made by the constable. Arkansas Code Annotated § 16-19-302
provides for proceedings against a constable who fails to make a return of any money received "upon a judgment of justice, whether with or without execution." A.C.A. § 16-19-302(a) (1999). Furthermore, A.C.A. § 16-19-303
provides that a constable shall be removed from office if he or she "fails to pay over any money collected . . . after demand is made[.] A.C.A. §16-19-303(a) (1999). Finally, A.C.A. § 16-17-114 states that a constable shall not receive any fees, costs, penalties, payments, or compensation of any kind or nature "in any criminal suit, prosecution, or arrest, or in any criminal proceeding whatsoever." In my opinion, these authorities prohibit a constable from undertaking the type of "self-help" that you describe. A.C.A. § 16-17-114(b) (Supp. 2007). *Page 13 
Assistant Attorney General Jennie Clingan prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL Attorney General
DM:JC/cyh
[1] Op. Att'y Gen. 95-282, previously cited, calls into question the ability of county courts to validly alter township boundaries. The law referenced has since been amended and no longer presents the difficulties referenced in that opinion.
[2] It may be noted that an action for usurpation of office under A.C.A. § 16-118-105, can also be used to remove one who is not entitled to hold an office. However, the Arkansas Supreme Court has held that a usurpation action is the proper remedy when the successful candidate's eligibility is at issue, while an election contest is the proper remedy when the election itself is at issue. Jessup v. Hancock, 238 Ark. 866,385 S.W.2d 24 (1964). *Page 1